```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ROY TURNER                          :   CASE NO. 22-11127
                                           :   CHAPTER 13

COBBLESTONES AT CHESTNUT HILL              :
CONDOMINIUM ASSOCIATION                    :
C/o Onyx Capital Management, LLC           :
148 East Street Road, Suite 290            :
Feasterville-Trevose, PA 19053             :
        Vs.                                :
ROY TURNER                                 :
185 Nix Court                              :
Fayetteville, GA 30214                     :
```

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## UNDER SECTIONS 362(a) and (e)(1) and 302 ©)

Petitioner, COBBLESTONES AT CHESTNUT HILL CONDOMINIUM ASSOCIATION, by and through its undersigned attorney, moves this Honorable Court for an Order granting Relief from the Automatic Stay provided for by 11 U.S.C., Section 362(a)(1), and (e)(1), and in support thereof avers as follows:

1. The Petitioner is a condominium association with a business address as set forth hereinabove. Petitioner is an association organized and existing to oversee the maintenance of the Cobblestones at Chestnut Hill Condominium complex, and as such, is responsible for the collection of fees/dues owed by individual unit owners.

2. ROY TURNER is the unit owner of Cobblestones at Chestnut Hill Condominium, 7601 Crittenden Street, Unit H-2, Philadelphia, Pennsylvania.

3.  ROY TURNER is the Debtor in the above-captioned case under Chapter 13 of the Bankruptcy Code pending in this Court.

4.  Due to Roy Turner's continued failure to pay condominium fees and related charges a lawsuit was filed and a money judgment was entered in the Philadelphia Court of Common Pleas on December 5, 2018 in the amount of $40,070.48.

5.  A Real Property Writ of Execution was filed on February 7, 2022 and subsequently a Sheriff's Sale was scheduled for May 3, 2022.

6.  A Chapter 13 Petition in Bankruptcy was filed by Roy Turner on May 5, 2022 and is pending before this Court as Bankruptcy No. 22-11127-mdc.  This filing stayed the sale.

7.  Roy Turner filed the subject bankruptcy purely for dilatory purposes and in an effort to circumvent the legal system.

8. Debtor owes Petitioner at least the following amounts, yet continues to use the premises and benefit therefrom:

| | |
|---|---:|
| PRE-PETITION DEBT: | |
| Unpaid condominium fees and late fees through May 1, 2022 | $ 56,583.45 |
| POST-PETITION DEBT | 1,720.90 |
| Legal Fee for filing of Motion for Relief from Automatic Stay | 1,200.00 |
| TOTAL POST-PETITION DEBT | $ 2,920.90 |

9. Debtor has insufficient income to meet his current obligation to pay fees due the condominium association.

10. Debtor has not paid any post-petition condominium fees as due.

11. Debtor had an outstanding balance of condominium fees on December 1, 2015 of $22,132.90 and has paid no money since then. Basically, Debtor has paid no condominium fees, Pre or Post Petition, since prior to 2015, in his effort to bankrupt the Association.

12. Debtor, although profiting from his continuing use of the premises, has failed to pay the Condominium Association as required under the Bankruptcy Code. Based upon his past record, there is no basis for believing that the Debtor will pay the Association for costs of current use of the premises.

13. As a result of the chronic delinquency of the Debtor, owners of other condominium units at Cobblestones at Chestnut Hill Condominiums have been forced to incur expenses they would not otherwise have had to, had the Debtor herein met his obligations under the Condominium By-Laws, including but not limited to increased expenses and special assessments assessed against other owners and counsel fees incurred by the Condominium Association.

14. As a result of the Debtor's delinquency, owners of other condominium units at the Cobblestones at Chestnut Hill Condominiums have suffered as a result of there being a shortage of funds available for necessary repairs, maintenance and upkeep of the buildings and common areas.

15. The Condominium Association lacks adequate protection for its interest in the premises and unless the Association is permitted to lawfully proceed to collect the delinquent sums owed, it will suffer irreparable harm through loss of income and

deterioration of the premises. Lessee's unpaid debt already exceeds the sum of $58,304.35.

WHEREFORE, Plaintiff-Petitioner respectfully requests this Honorable Court to enter an Order granting it the following:

(a) Relief from the Automatic Stay imposed by Section 362 of The Bankruptcy Code;

b) Relief from the Automatic Stay permitting Petitioner to proceed with a Real Property Sheriff's Sale of the premises 7601 Crittenden Street, Unit H-2, Philadelphia, Pennsylvania, the Writ of Execution having previously been filed through the appropriate legal means.

(c) Relief from the Automatic stay to allow Plaintiff to proceed to collect the money judgment through other legal means, or to proceed against Debtor through other legal means.

(d) That Debtor is barred from re-filing Bankruptcy for six months from the date this order or of dismissal.

(e) Such other relief and reimbursement to Petitioner as this Court may determine fair and equitable.

Respectfully submitted,

GLENN M. ROSS
Attorney for
THE COBBLESTONES AT CHESTNUT HILL
CONDOMINIUM ASSOCIATION
630 A Germantown Pike
Lafayette Hill, PA 19444
(215) 643-7200